[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14822
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60047-UU-7


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDI JOHNSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 2, 2012)

Before TJOFLAT, FAY and EDMONDSON, Circuit Judges.

PER CURIAM:

On July 6, 2011, Brandi Johnson pled guilty to two counts of an indictment: Count 1, conspiracy to defraud financial institutions, in violation of 18 U.S.C. § 1349, and Count 2, conspiracy, in violation of 18 U.S.C. § 371, to possess and use personal identification devices without authorization in order to obtain things of value aggregating more than $1,000, in violation of 18 U.S.C. § 1029(a)(2). At her plea hearing, Johnson stipulated to the Government's factual proffer. The proffer revealed that Johnson received personally identifiable information ("PII") from a person employed by the Broward County School Board. Using this information, she added her co-conspirators to the victims' credit card accounts as "authorized users" and had duplicate credit cards mailed to addresses under her control. She agreed to four specific instances—occurring in October and November 2010 and January 2011—in which she added authorized users in this way. Co-conspirators used the credit cards to purchase retail items and obtain cash advances.

The District Court sentenced Johnson on Count 1 to a prison term of 120 months, which was within the sentence range the Sentencing Guidelines prescribed, and on Count 2, a concurrent prison term of 60 months. Johnson now

appeals the court's "judgment," arguing that the prison term of 120 months is procedurally and substantively unreasonable.

Johnson argues that the 120 months' prison term is procedurally unreasonable because the District Court provided meaningful consideration only to her criminal history, an undisputed Category VI, while ignoring all other relevant factors. She argues that the prison term is substantively unreasonable because the court failed to account for her "severe" mental health issues and 120 months' confinement is more severe that the sentence a co-conspirator received.

We review the reasonableness of a sentence under a deferential abuse of discretion standard, taking into account the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

A "district court must impose a procedurally and substantively reasonable sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). A sentence is procedurally unreasonable if the court fails to calculate or improperly calculates the Guidelines sentence range, treats the Guidelines as mandatory, fails to consider the purposes of sentencing set out in 18 U.S.C. § 3553(a), selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence, including an explanation for any deviation from the sentence range. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008). A district court

3

need not discuss each § 3553(a) sentencing purpose. *Gonzalez*, 550 F.3d at 1324. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (quotation omitted).

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)," which occurs when a court unjustifiably relies on any single § 3553(a) factor, "selects the sentence arbitrarily, bases the sentence on impermissible factors, or fails to consider pertinent section 3553(a) factors." *United States v. Pugh*, 515 F.3d 1179, 1191-92 (11th Cir. 2008) (quotation omitted). Pursuant to § 3553(a), the court shall impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing listed in § 3553(a)(2), namely, reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, and protecting the public. *See* 18 U.S.C. § 3553(a)(2). The court must also consider, *inter alia*, the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). A disparity that arises between the sentence that a cooperating defendant receives and the sentence that a non-cooperating defendant receives is not necessarily "unwarranted." *See United*

4

*States v. Mateos*, 623 F.3d 1350, 1367 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1540 (2011).

We defer to the district court's judgment regarding the weight given to each of the § 3553(a) purposes of a sentence, unless the district court has made "a clear error of judgment" under the facts of a particular case. *Gonzalez*, 550 F.3d at 1324. A sentencing court should still "set forth enough to satisfy the appellate court that [it] . . . has a reasoned basis for exercising [its] own legal decisionmaking authority." *Livesay*, 525 F.3d at 1090(quotation omitted).

The District Court did not abuse its discretion in sentencing Johnson to a prison term within the Guidelines sentence range of 110 to 137 months's confinement. Procedurally, the court considered on the record Johnson's criminal history along with the purposes sentences serve, as indicated in § 3553(a), including the seriousness of the offenses and the need to deter the defendant from committing further crime. Substantively, 120 months' confinement reflects the court's reasoned consideration that, despite any mental health problems that she suffered, other factors existed such that a variance below the Guidelines sentence range was not required. Finally, we note that, because the co-conspirator she names in her appeal cooperated with the Government, any disparity that resulted between his sentence and Johnson's sentences was not unwarranted.

5

For the forgoing reasons, the judgment of the District Court is

AFFIRMED.